IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GAIL MORRIS<br><br>             Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Commissioner of the Social Security Administration,<br><br>             Defendant. | MEMORANDUM DECISION AND ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER<br><br>Case No. 2:13CV746 |

This matter is before the court on Plaintiff Gail Morris' appeal, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant"), denying her claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") beginning on February 26, 2009.  Oral argument was held on July 30, 2014.  At the hearing, Plaintiff was represented by Natalie L. Bolli-Jones, and Defendant was represented by Thomas H. Kraus.  Before the hearing, the court carefully considered the briefs and other materials submitted by the parties.  Since taking the appeal under advisement, the court has further considered the law and facts relating to the appeal, and the court has again reviewed the administrative record.  Now being fully advised, the court renders the following Memorandum Decision and Order.

I. ADMINISTRATIVE PROCEEDINGS

Ms. Morris' claim was initially denied on July 21, 2010, and upon reconsideration on February 4, 2011.  On February 16, 2011, Ms. Morris timely requested a hearing before an

Administrative Law Judge ("ALJ").  A hearing was held on June 6, 2012 in St. George, Utah before an ALJ.  The ALJ issued a partially favorable decision on June 22, 2012, finding that Ms. Morris became disabled as of July 22, 2010, which is the date of her 55th birthday.[1]  The ALJ, however, found that she was not disabled between her alleged onset date of February 26, 2009 and July 22, 2010.  The Appeals Council denied Ms. Morris's request for review on July 11, 2013.  This Appeals Council denial was the final administrative decision of the Commissioner of Social Security in this case.  Thus, the ALJ decision stands as the final decision of the Commissioner.

## II.  STATEMENT OF FACTS

Gail Morris, the plaintiff, alleges disability due to physical and mental impairments.  Ms. Morris was involved in a car accident in February 2009 that left her with numerous injuries.  A tarp had blown across the windshield of a vehicle Ms. Morris was a passenger in causing the vehicle to go off the road.  Ms. Morris was partially ejected through the windshield.  She sustained a head injury, with intracranial hemorrhage and pelvic fractures.  She was diagnosed with a likely skull base fracture.  An MRI showed perineural cysts at C4-C5 and C6-C7.  Ms. Morris was also diagnosed with a lumbar hematoma that caused displacement of the bladder.  A CT of her skull in March 2009 showed continued vasogenic edema.  Ms. Morris continued to have pelvic pain and headaches following the accident.  Exams showed tight, tender muscles and limited range of motion.  In July 2009, she experienced syncope.  An MRI in September 2009 noted degenerative changes to Ms. Morris's cervical spine.  Ms. Morris attended physical

---

[1] Even if an individual can perform a full range of light work, that individual is considered disabled as of her 55th birthday.

therapy.  While some progress was made, the therapy also increased her headaches and she eventually stopped going.  In February 2010, it was noted she was having issues with bladder control.

During 2010, Ms. Morris continued experiencing syncope.  Testing showed an abnormal EKG that was suggestive of ischemia.  In August 2010, she was diagnosed with COPD.  In September 2010, Ms. Morris was experiencing excessive daytime somnolence that was affecting her quality of life.

In July 2009, Dr. Paul Havens indicated that Ms. Morris could do no pulling, pushing, bending, stooping, or lifting for at least three more months.  He also noted that she had recurrent headaches, loss of short term memory, and difficulty focusing.  In October 2009, Dr. Havens indicated that Ms. Morris was still unable to work until at least March 1, 2010.  He reiterated in February 2010, that she continued to be totally disabled.

In July 2009, Ms. Morris was examined by Tim Kockler, Ph.D.  Dr. Kockler diagnosed a closed head injury, pain disorder, abnormal brain scan, and alcohol abuse.  He assigned a GAF score of 55 indicating moderate impairment in Ms. Morris's ability to function.  He opined her prognosis was guarded and her head trauma would impact her ability to work.  Ms. Morris was examined by Dr. Kockler again in July 2010.  At this time he diagnosed somatoform disorder, mood disorder, and alcohol abuse.  He opined a GAF score of 60, again indicating moderate impairment.

At the ALJ hearing, Ms. Morris testified that she was 56 years old.  She received food stamps and general assistance.   The highest grade completed was the 10th grade.  She has not worked since the car accident in February of 2009.  Ms. Morris's current medications include

hydrocodone, methylphenidate, and Advair.

Ms. Morris stated that the car accident she was in caused three broken pelvic bones, a skull fracture, lacerations, a broken nose, and severe whiplash.  She was unable to walk without a walker or crutches for 4 months after the accident.  Ms. Morris testified she still has weakness from her broken pelvis, but she cannot afford physical therapy.  She takes pain pills and reclines throughout the day.  She also still has daily headaches as a result of the accident.  She is not able to do much around the house.  She uses a TENS unit, heat and ice, a neck collar, and pillows to try to keep her neck from hurting.  Walking up stairs causes her to become out of breath.  She cannot walk even a block before becoming out of breath.  She can stand for 5-10 minutes at a time.  She mostly watches TV because reading and other hobbies make her headaches worse.

In his decision, the ALJ found that Ms. Morris had the severe impairments of status post pelvic fractures, disorders of the spine, chronic obstructive pulmonary disease, headache disorder, apnea and alcohol dependence.  At step 3 he found that Ms. Morris did not meet a listing.  The ALJ found that Ms. Morris could perform light work.  With this RFC, the ALJ found that Ms. Morris could not perform her past relevant work, but was able to perform other work in the national economy prior to July 22, 2010, the date of her 55th birthday.  Therefore, he found she was not disabled between her alleged onset date of February 26, 2009 and July 22, 2010.

### III.  STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal

standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted).  "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005)(quotations and citation omitted).

### IV.  FIVE-STEP DISABILITY DETERMINATION

A five-step evaluation process has been established for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).  If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity.  If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . .  If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R.§§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

Next, "[s]tep three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R.§§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

In this case, Ms. Morris contends that the case should be reversed and remanded for

further consideration regarding (1) Ms. Morris' RFC for the first 18 months after her accident; (2) the reasons for giving only partial weight to the opinion of her treating physician, Dr. Haven, and for not evaluating the 2009 opinion of consulting physician, Dr. Kockler; and (3) a proper evaluation of Ms. Morris' credibility.

## V.  DISCUSSION

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred by (1) improperly finding that she Morris could perform light work; (2) erred in his evaluation of the medical opinion evidence; and (3) erred in his evaluation of her Morris' credibility.  The court will address each of these arguments in turn.

**A.      Did the ALJ Err By Improperly Finding the Ms. Morris Could Perform Light Work?**

The ALJ found that in the year following Ms. Morris' accident, from February 26, 2009 through July 22, 2010, she could perform a full range of light work.   Ms. Morris contends that this finding is nonsensical because medical records demonstrate a broken pelvis and skull fracture; exams document difficulty walking, use of crutches and reduced range of motion; and a mental consultative exam opines that, due to her head injury, Ms. Morris would have limitations that would impact her job.   She claims that these findings stay relatively similar until August 2010, when exams begin to show that Ms. Morris once again has a normal gait. She maintains that the record clearly shows that for the first 18 months following her accident, she did not have the same RFC she had at the time of the hearing.   Ms. Morris contends that the ALJ's failure to acknowledge that Ms. Morris would not–indeed could not–have the same RFC at the time of the hearing as she had in the months following her accident is an error. According to Ms. Morris, the finding that she can perform light work is simply unsupported by

the record prior to August 2010.  Had Ms. Morris been unable to perform a full range of light work, she contends that a finding of disabled would have been directed under the medical vocational guidelines.

The Commissioner, on the other hand, argues that Plaintiff failed to show that her impairments were of disabling severity for the requisite 12 months and also that the ALJ's residual functional capacity finding reasonably accounted for all of Plaintiff's credible limitations with sufficient specificity.

The court agrees with Plaintiff that the ALJ's failure to discuss or even acknowledge that Ms. Morris could not have the same RFC at the time of the hearing as she had in the months following her accident is an error.  Moreover, the ALJ did not address Ms. Morris's mental impairments in assessing her RFC.  For these reasons, the case must be reversed and remanded for the ALJ to specifically address Ms. Morris's residual functional capacity from the time of her accident in February 2009 through her 55th birthday in July 2010, including her mental impairments.

**B.      Did the ALJ Err in His Evaluation of the Medical Opinion Evidence?**

Ms. Morris also argues that the ALJ erred in his findings as to the medical opinion evidence.  She maintains that the ALJ failed to provide any reasons supported by substantial evidence for not giving great weight to the opinions of Ms. Morris's treating physician, Dr. Havens.  Furthermore, she contends, the ALJ did not provide an evaluation of the opinions of consulting physician, Dr. Tim Kockler.  She maintains that, had either of these opinions been accepted, they would have directed a finding of disabled.

The Commissioner disagrees, arguing that the ALJ reasonably considered and weighed

the medical source opinions and that Plaintiff merely invites the Court to (improperly) reweigh the evidence.

The court agrees with Plaintiff that the Commissioner has failed to provide reasons supported by substantial evidence for rejecting Dr. Haven's opinions.  It is also unclear from the ALJ's decision why he did not give controlling weight to the findings of Dr. Kockler as to Ms. Morris' RFC prior to July 2010.   Moreover, the ALJ gave "great weight" to the opinions of Drs. Barton and Cohn, yet their assessments of Plaintiff occurred in the summer of  2010.  Their opinions do appear to address what work they felt Ms. Morris could perform from February 2009 through July 2010.   Thus, the court concludes that the ALJ's stated reasons and conclusions are not supported by substantial evidence.

C.	Did the ALJ Err in his Evaluation of Ms. Morris' Credibility?

Plaintiff argues that the ALJ offered no reasons supported by substantial evidence for rejecting Ms. Morris's credibility.   The Commissioner disagrees, arguing that the ALJ's evaluation of Ms. Morris' credibility is supported by substantial evidence.

Many of the reasons listed by the ALJ are vague and do not make clear how they show any contradiction between Ms. Morris's testimony and the record that would support a finding that Ms. Morris is not credible.  For example, the ALJ noted, as one reason for finding her not credible, that after the February 2009 motor vehicle accident, Plaintiff required no surgical procedures.  The court is unclear as to why this reflects on her credibility.   Moreover, while Ms. Morris's psychological exam in 2010 showed some evidence of symptoms exaggeration, when she was examined in July 2009, the time in question, there was no suggestion that her results were not valid.   The court finds that the ALJ's credibility determination was not closely

and affirmatively linked to substantial record evidence.  *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009).   Therefore, this case should be remanded to allow Ms. Morris's credibility to be properly evaluated.

### VI.  CONCLUSION

For the foregoing reasons, the court REVERSES AND REMANDS this matter for further consideration.    The Clerk of Court is directed to enter Judgment in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

DATED this 31st day of October, 2014.

_____
DALE A. KIMBALL
United States District Judge